**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT PADUCAH**
**CIVIL ACTION NO. 5:08CV-P48-R**

SHARON WARD                                                                 PLAINTIFF

v.

COMMONWEALTH OF KENTUCKY, THE KENTUCKY
DEPARTMENT OF CORRECTIONS *et al.*                          DEFENDANTS

## MEMORANDUM OPINION

This matter is before the Court for *sua sponte* screening of the *pro se* complaint pursuant

to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the

reasons that follow, the Court will dismiss Plaintiff's official capacity claims and claims against

the Department of Corrections.  The Court will allow the remainder of Plaintiff's claims to

proceed for further development.

## I.  FACTS

Plaintiff, Sharon Ward, is the executrix for the estate of Richard Norton.  She brings this

action of the behalf of his estate against the Commonwealth of Kentucky, Kentucky Department

of Corrections ("KDOC"); KDOC Commissioner LaDonna H. Thompson; Warden Thomas

Simpson; and Jane and John Doe Officers.  Plaintiff alleges that Mr. Norton, a former inmate at

the Kentucky State Penitentiary, repeatedly complained to prison officials about severe swelling

in his testicles.  Plaintiff alleges that Mr. Norton's multiple requests for medical attention were

initially ignored by staff, and that by the time Defendants secured Mr. Norton medical attention

his condition had deteriorated to the point that his life could not be saved.

## II.  STANDARD OF REVIEW

When a plaintiff proceeds *in forma pauperis*, the Court should dismiss the case at any

time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon

which relief may be granted, or seeks monetary relief against a defendant that is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *McGore*, 114 F.3d at 604.  A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.  In order to survive dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, -- U.S. -- , 127 S. Ct. 1955, 1965 (2007) (internal citations omitted).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, -- U.S. -- , 127 S. Ct. at 1964-65 (citations omitted; alteration in *Twombly*).  In reviewing a complaint under this standard, the Court must construe the pleading in the light most favorable to Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).  And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.  ANALYSIS

A.       <u>**Kentucky Department of Corrections**</u>

Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere.  As such, it has two basic requirements:  (1) the deprivation of federal statutory or constitutional rights by (2) a *person* acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).

The KDOC is a department within the Justice and Public Safety Cabinet of the Commonwealth of Kentucky.  Exec. Order No. 2004-730 (July 9, 2004); KY. REV. STAT. ANN. § 12.250.  A state and its agencies, however, are not "persons" subject to suit under § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).  Because the KDOC is not a "person" under the Act, the Court will dismiss the claims against the KDOC for failure to state a claim upon which relief may be granted.

Additionally, the Eleventh Amendment[1] acts as a bar to all claims for relief against the DOC.  A state and its agencies, such as the DOC, may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it.  *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 78l, 782 (l978).  In enacting § l983, Congress did not intend to override the traditional sovereign immunity of the states.  *Whittington v. Milby*, 928 F.2d l88 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332 (l979)).  Accordingly, the Court will also dismiss all claims against the KDOC for lack of subject matter jurisdiction.

---

[1]The Eleventh Amendment to the United States Constitution provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

**B.**     **Official capacity claims for damages**

The official capacity claims for damages will be dismissed on two bases. First, Defendants, as state officials and employees sued in their official capacities for damages, are absolutely immune from § 1983 liability under the Eleventh Amendment to the United States Constitution. *Will*, 491 U.S. at 71; *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."). Second, Defendants are not "persons" subject to suit within the meaning of § 1983 when sued in their official capacities for monetary damages. *Id.* (concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for the purpose of a § 1983 claim); *Matthews,* 35 F.3d at 1049 (same). Consequently, the § 1983 official capacity claims for damages against Defendants must be dismissed.

**C.**     **Individual capacity claims**

On review, the Court will allow Plaintiff's individual capacity claims to proceed. In permitting those claims to proceed, the Court passes no judgment on the ultimate outcome of the action.

**D.**     **Claims against "Doe" Defendants**

As noted previously, Plaintiff has sued John and Jane Doe Officers. The Court notes that Federal Rule of Civil Procedure 4 provides, in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Because Plaintiff is proceeding *in forma pauperis*, the Court will count the 120 days from

the date of this Order.  Accordingly, Plaintiff has 120 days from the date of this Order within

which to move to amend her complaint to name specific Defendants or show good cause for her

failure to do so.  Plaintiff is put on notice that her failure to meet the requirements of the federal

rules could result in dismissal of this action as to the Jane and John Doe defendants.

The Court will enter a separate Scheduling Order governing the development of the

remaining claims and will enter a separate Order dismissing all other claims.

Date:

cc:      Plaintiff, *pro se*
         Defendants
         General Counsel, Justice and Public Safety Cabinet

4413.008